**UNITED STATES of America,**
Appellee,

v.

**Augusto MOURA, also known as Augusto Demouro, also known as Augusto Maura, also known as Gus Moore, Defendant–Appellant.**

Docket No. 02–1169.

United States Court of Appeals,
Second Circuit.

Dec. 20, 2002.

Irving Cohen, Law Offices of Irving Cohen, New York, NY, for Appellant.

Christopher J. Clark, Assistant United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present F.I. PARKER, STRAUB and RAGGI, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Appellant Augusto Moura appeals from his conviction in the United States District Court for the Southern District of New

York (Denny Chin, *Judge*) entered on February 26, 2002 on one count of illegally reentering the United States after having been deported subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Appellant argues that the district court erred when, on April 4, 2001, it denied his motion to dismiss the underlying indictment. Appellant argues that the deportation order on which the indictment was based was invalid because: 1) his waiver of his right to contest deportation was not considered and intelligent; 2) his Fifth Amendment due process rights were violated because his counselor at his deportation hearing provided constitutionally ineffective assistance; and 3) the notice of deportation impermissibly relied upon a "youthful offender" violation.

The district court found that appellant's waiver of his right to appeal was "considered and intelligent," and that his ineffectiveness of counsel claim failed because he had not shown that his counselor did not provide reasonable advice and that he was thereby prejudiced. In addition, the court found that appellant had failed to establish that the deportation proceeding was "fundamentally unfair." Finally, the district court rejected appellant's youthful offender argument, finding that appellant had waived his right to judicial review of this issue and that he had failed to show prejudice given that he had committed at least one other crime satisfying the requirements for deportation.

We review de novo the district court's denial of an alien's motion to dismiss an indictment brought pursuant to 8 U.S.C. § 1326 because it involves mixed questions of law and fact. *See United States v. Fernandez–Antonia*, 278 F.3d 150, 156 (2d Cir.2002).

Under 8 U.S.C. § 1326(d), an alien may only challenge the validity of a deportation order if: 1) all administrative remedies have been exhausted, 2) the deportation proceeding improperly deprived him of the opportunity for judicial review, and 3) the entry of the deportation order was fundamentally unfair. *See also Fernandez–Antonia*, 278 F.3d at 157.

We find that the district court's denial of Moura's motion to dismiss the indictment was proper because Moura failed to show that he was deprived of the opportunity for judicial review. In *United States v. Gonzalez–Roque*, 301 F.3d 39 (2d Cir.2002), an alien ordered deported under the transitional provisions of IIRIRA moved to dismiss his indictment on the charge of illegal reentry following deportation. We held that the motion was properly denied because, despite IIRIRA's restrictions on judicial review, habeas relief remained available under 28 U.S.C § 2241 and, therefore, Gonzalez Roque had not been deprived of all judicial review. *See id.* at 49–50. Moura, deported under the Immigration and Naturalization Act of 1961, also had habeas review available to him. *See* 8 U.S.C. § 1105 (providing for both direct and collateral review of deportation orders). After learning that he had been denied parole, Moura remained incarcerated in the United States with a deportation warrant lodged against him for more than a year before actually been deported. During that time, he did not seek judicial review of his deportation despite the fact that § 2241 relief remained available. Under the circumstances, appellant cannot now claim that he was denied all judicial review of his deportation order as required by 8 U.S.C. § 1326(d). *See Gonzalez–Roque*, 301 F.3d at 49–50.

For the above reasons, the decision of the district court is AFFIRMED.